UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2997 JNE/JJG

Walid El-Baz Abdelwahab          )
and Alice Abdelwahab,            )
                                 )
          Plaintiffs,            )
     v.                          )**THE FEDERAL DEFENDANTS'**
                                 )**ANSWER TO PLAINTIFFS'**
                                 )**COMPLAINT**
                                 )
Denise Frazier, District Director, )
Citizenship and Immigration Services;)
Eduardo Aguirre, Director,       )
Citizenship & Immigration Services; )
Michael Chertoff, Secretary;     )
Alberto Gonzales, United States  )
Attorney General,                )
                                 )
          Defendants.            )

     Defendants  Denise  Frazier,  Eduardo  Aguirre,  Michael

Chertoff  and  Alberto  Gonzales,  for  their  Answer  to  the

Complaint state as follows:

                FIRST AFFIRMATIVE DEFENSE

     The Court lacks jurisdiction over the subject matter of

this action because of the REAL ID Act of 2005, Pub.L. No.

109-13, Div.B., 1129 Stat. 231, codified at 8 U.S.C. §1252,

amending section 242(a) of the Immigration and Naturalization

Act, and/or because Plaintiffs failed to exhaust, and for

other reasons.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficiency of process and/or service of process.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because some or all of Plaintiffs' claims are barred by res judicata.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because some or all of the Plaintiffs' claims are barred by collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because some or all of the Plaintiff's claims are barred by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because some or all of Plaintiffs' claims are barred by waiver, laches, estoppel,

fraud, illegality, and/or lack of standing.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Defendants deny the allegations of the Complaint unless they are specifically admitted hereinafter.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Defendants answer the numbered and denominated paragraphs of the Complaint as follows:

<u>INTRODUCTION</u>

1.   Paragraph 1 contains Plaintiffs' characterization of their action, but insofar as an answer may be deemed required, Defendants deny the allegations in paragraph 1 and specifically aver that Plaintiffs are not entitled to a decision in their favor.

2.   Paragraph 2 contains Plaintiffs' characterization of their action and conclusions of law to which no answer is deemed required, but insofar as an answer is deemed required, the Defendants deny the material allegations or paragraph 2 and put Plaintiffs to their proof.

<u>JURISDICTION AND VENUE</u>

3.   Paragraph 3 contains Plaintiffs' conclusions of law regarding jurisdiction to which no response is required, but insofar as an answer is deemed required, the Defendants deny

the material allegations of paragraph 3 and put Plaintiffs to
their proof.

4.    Paragraph 4 contains Plaintiffs' conclusions of law
regarding jurisdiction, but insofar as an answer is deemed
required, the Defendants deny the material allegations of
paragraph 4.

<u>VENUE</u>

5.    Defendants admit the allegations in Paragraph 5
regarding the residency of the Plaintiffs and that CIS is an
agency that operates within this district.  Defendants deny
all other allegations.

<u>Exhaustion</u>

6.    Defendants deny the allegations in Paragraph 6 and
put Plaintiffs to their proof.

7.    Paragraph 7 calls for legal conclusions to which no
response is required.  However, to the extent a response is
required, the allegations are denied and Plaintiffs are put to
their proof.

8.    Defendants admit the allegations in Paragraph 8.

<u>Plaintiffs</u>

9.    Defendants admit only that Plaintiffs are residents
of Minnesota, that they are the Petitioner and beneficiary.

Defendant admit only that Plaintiffs have applied for a visa petition based on marriage. Defendants however deny that Walid El-Baz Adbelwahab ("Walid") is eligible for an immigration visa. Finally, Defendants cannot admit or deny that Walid is a person of good moral character and therefore deny.

10. Defendants admit only that Gonzales is the Attorney General, Chertoff is the Secretary of Homeland Security. Defendants deny that Aguirre is the Director of Citizenship and Immigration Services (CIS). Defendants admit that Denise Frazier is the District Director of CIS, but deny that she acted in bad faith or unlawfully refused to approve the visa petition.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants admit only that they received a continuance from the Immigration Judge, and deny the remainder of the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16. However, defendants admit that the plaintiffs married on

5

November 26, 1997.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19.-20. Plaintiffs failed to submit the documentation referred to in Paragraphs 19 and 20 with their Complaint. Defendants are without sufficient information in order for form a belief as to the truth or falsity of these allegations and therefore denies the allegations in Paragraphs 19 and 20.

21. Plaintiffs failed to submit the documentation referred to in Paragraph 21 as an exhibit to their Complaint. Because Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of this allegation and therefore deny it.

22. Defendants admit only that they attempted a visit at the Plaintiffs alleged marital residence, but found that it was unlikely that Alice Abdelwahab was living there. Defendants deny the remainder of the allegations in Paragraph 22.

23. Defendants admit only that CIS issued the Notice of Intent to Deny the I-130 on March 5, 2003. Defendants deny the remainder of this allegation.

24. Defendants are without sufficient information to form

6

a belief as to the truth or falsity of the claim in Paragraph 24 and therefore denies it.  Plaintiffs failed to submit the documentation referred to in this Paragraph as an Exhibit to the Complaint.

25.  Defendants admit the allegations in paragraph 25.

26.  Defendants admit only that Plaintiffs filed a notice of appeal.  The Defendants deny the remainder of the allegations and put plaintiffs to their proof.

27.  Defendants admit only that removal proceedings were initiated against Mr. Abdelwahab and denies the remainder of the allegations and puts Plaintiffs to their proof.

28.  Defendants are without sufficient knowledge and information sufficient to form a belief as to the truth or falsity and therefore denies the allegations in Paragraph 28.

29.  Defendants object to this paragraph because it is not a short plain statement which contains a fact supporting a claim and violates Rule 8(a), Federal Rules of Civil Procedure.  Plaintiffs failed to attach the 17 documents and 30 photographs referenced in Paragraph 29 as exhibits to their Complaint.  Further, Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore

denies them.

30.  Defendants are without sufficient information and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies them.   Plaintiffs failed to submit the document referenced in Paragraph 30 as an exhibit to their Complaint

31.  Defendants admit the allegations in paragraph 31.

32.  Defendants deny the allegations and put plaintiffs to their proof.

33.  Defendants admit only that Mr. Abdelwahab applied for an adjustment of status and denies the remainder of the allegations in paragraph 33.

34. Defendants object to the disparaging characterizations and deny the allegation in paragraph 34 and put Plaintiffs to their proof.

35.  Defendants object to the disparaging characterizations in paragraph 35.  Defendants admit only that they filed a Supplemental Memorandum In Support of Motion to Continue the Proceeding.   Defendants deny all other allegations in Paragraph 35 and put Plaintiffs to their proof.

36.  Defendants are without sufficient information and belief sufficient to form a belief as to the truth or falsity

and therefore denies Paragraph 36.   Plaintiffs failed to attach any documents or transcripts as an exhibit to their Complaint.

37.  Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 37 and therefore denies it. Plaintiffs failed to submit the document referenced in this paragraph as an exhibit to their Complaint.

38.  Defendants admit only that the BIA dismissed Plaintiff's appeal of their I-130 visa petition and denies the remainder of paragraph 38 and puts plaintiffs to their proof.

39.  Defendants object to this allegation because it is confusing, seems to call for a legal conclusion, to which no response is required; to the extent an answer is required, Defendants deny paragraph 39 and puts Plaintiffs to their proof.

40.  Defendants admit the allegations in Paragraph 40.

41.  Defendants are without information sufficient to form a belief as to the truth or falsity of this allegation in paragraph 41 and therefore must deny it and put plaintiffs to their proof.   Plaintiffs failed to submit the document referenced in this paragraph as an exhibit to their Complaint.

9

42.  Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of this allegation and therefore must deny it.  Plaintiffs failed to attach the document referenced in this paragraph as an exhibit to their Complaint.

43.  Defendants admit only that they moved for a remand. The remainder of this allegations requests verification of a date which is unknown at this time, but which will be revealed in the Administrative Record.  To the extent a response is required, the allegations are denied and Plaintiffs are put to their proof.  Again, Plaintiffs failed to attach the document referenced in this paragraph as an exhibit to their Complaint.

44.  Defendants admit only that Plaintiffs refused to attend their interview for their I-130 and deny all remaining allegations and put plaintiffs to their proof.

45.  Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegation and therefore must deny it.  Plaintiffs failed to attach this document to the Complaint as an exhibit. Defendants further object because this allegation calls for a legal conclusion, to which no response is required.

46. Plaintiffs' are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegation and therefore must deny it. Plaintiffs failed to attach this document to the Complaint as an exhibit to their Complaint.

47. Plaintiffs seek a legal conclusion in paragraph 47 to which no answer is required; to the extent an answer is required, it is denied. Plaintiffs failed to attach the referenced document as an exhibit to their Complaint.

48.-49. Defendants object because Plaintiffs seek legal conclusions in paragraphs 48 and 49 to which no response is required; to the extent an answer is required, Defendants deny the allegations in paragraph 48 and 49. Moreover, Plaintiffs failed to submit the document referenced in these paragraphs exhibits to their Complaint.

50. Plaintiffs admit paragraph 50.

51. Plaintiffs admit Paragraph 51.

52.-61. Paragraphs 52 through 61 call for a legal conclusion to which no answer is required; to the extent an answer is required the allegations are denied. Defendants also object because Paragraphs 52 through 61 are not short plain statements of facts containing a claim in violation of

11

Rule 8(a) and (b), Fed. R. Civ. P.  To the extent an answer is required, the allegations are denied and plaintiffs are put to their proof.

62.-65.  Paragraphs 62 through 65 call for a legal conclusion to which no response is required; to the extent an Answer is required the allegations are denied and plaintiffs are put to their proof.  Defendants also object to Paragraphs 62-65 on the grounds that they violate Rule 8(a) and (b), Federal Rules of Civil Procedure in that they are not a short and plain statement of any facts supporting a claim for relief.

66.  Defendants object that Paragraph 66 calls for a legal conclusion to which no response is required, to the extent a response is required, the allegations in Paragraph 66 are denied.

67-85.  Defendants object to the allegations in Paragraphs 67 through 85, as they are legal arguments and fail to assert a fact in support of any claim in violation of Rule 8(a) and (b), Federal Rules of Civil Procedure and no response is required.  These allegations simply discuss other immigration cases which are wholly inappropriate and a violation of Rule 8(a) and (b) of the Federal Rules of Civil

Procedure.  These cases speak for themselves.  To the extent an Answer is required, the allegations in Paragraphs 67 through 85 are denied and Plaintiffs are put to their proof.

86.-90. Defendants object to the allegations in Paragraphs 86 through 90, as they are legal arguments and legal conclusions and fail to assert a fact in support of any claim in violation of Rule 8(a) and (b), Federal Rules of Civil Procedure and no response is required.  Moreover, these paragraphs are not short, plain statements and violate Rule 8 (a) and (b) of the Federal Rules of Civil Procedure.  To the extent an Answer is required, the allegations in Paragraphs 86 through 90 are denied and Plaintiffs are put to their proof.

91. Defendants object to the allegations in Paragraphs 91-92, as they are legal arguments and fail to assert a fact in support of any claim and therefore no response is required.  These allegations reference multiple statutes, C.F.R. Sections as well as case law which is wholly inappropriate and a violation of Rule 8(a) and (b) of the Federal Rules of Civil Procedure.  To the extent an Answer is required, the allegations in Paragraphs 91 and 92 are denied and Plaintiffs are put to their proof.

93.  Defendants admit only that Mr. Abdelwahab filed for an adjustment of status pursuant to INA §245(a) and (I), and deny all other remaining allegations and put Plaintiffs to their proof.

94.  Defendants deny the allegations in Paragraph 94.

95.-96.  Defendants object to the allegations in Paragraphs 95 and 96 because they are not short and plain statements in support of any claim pursuant to Rule 8(a), Federal Rules of Civil Procedure, and therefore, no response is required.  Moreover, Defendants object because Paragraphs 95 and 96 assert legal arguments and again fails to assert any facts in support of a claim.  To the extent a response is required, Paragraphs 95 and 96 are denied.

97.  Defendants deny the allegations in Paragraph 97 and put plaintiffs to their proof.

98-99.  Defendants object to the allegations in Paragraph 98 and 99 in that they are not a short and plain statement in support of any claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and therefore, no response is required.  Moreover, Defendants object because Paragraphs 98 and 99 assert legal arguments and no response is required. To the extent answers are required, Defendants deny the

14

allegations and put Plaintiffs to their proof.

100.   Defendants deny the allegations in Paragraph 100. Moreover, Defendants object to Paragraph 100 in that it is not a short and plain statement and fails to assert a fact in support of any claim, in violation of Rule 8(a), Federal Rules of Civil Procedure.

101.   Defendants deny the allegations in Paragraph 101.

102.   Defendants deny the allegations in Paragraph 102.

103.   Defendants deny the allegations in Paragraph 103.

104.   Defendants deny the allegations in Paragraph 104.

105.   Defendants deny the allegations in Paragraph 105.

106.   Defendants deny the allegations in Paragraph 106.

107.   Defendants object to the allegations in Paragraph 107 in that it makes a legal argument and fails to assert a fact in support of any claim and no response is required.  To the extent an Answer is required, the allegations in Paragraph 107 are denied.

108.   Defendants object to the allegations in Paragraph 108 because they do not contain a short and plain statement of a fact in support of any claim and no response is required. To the extent an Answer is required, the allegations in Paragraph 108 are denied.

15

109.   Defendants deny the allegations in Paragraph 109.

110.   Defendants deny the allegations in Paragraph 110.

111.   Defendants object to the allegations in Paragraph 111 as they fail to contain a short and plain statement of the claim in violation of Rule 8, Federal Rules of Civil Procedure.   To the extent an Answer is required, the allegations are denied.

112.   Defendants object to the allegations in Paragraph 112 in that it fails to contain a short and plain statement of the claim, in violation of Rule 8, Federal Rules of Civil Procedure.   In fact, Paragraph 112 is confusing and not understandable.   To the extent that an answer is required, the allegations are denied.

113.-116.   Defendants object to the allegations in Paragraphs 113 though 116, in that they fail to contain short and plain statements of facts in support of a claim, all in violation of Rule 8, Federal Rules of Civil Procedure.   To the extent Answers are required, the allegations in Paragraphs 113-116 are denied and Plaintiffs are put to their proof.

117.   Defendants deny the allegations in Paragraph 117.

118.   Defendants deny the allegations in Paragraph 118.

119.   Defendants deny the allegations in Paragraph 119.

120.  Defendants are without information and belief as to the truth or falsity of the allegation and cannot Answer Paragraph 120.  To the extent an Answer is required, the allegation is denied and Plaintiffs are put to their proof.

121.  Defendants are without information and belief as to the truth or falsity of the allegation and cannot Answer Paragraph 121.  To the extent an Answer is required, the allegation is denied and Plaintiffs are put to their proof.

122.  Defendants deny the allegations in Paragraph 122.

123.  Defendants deny the allegations in the first sentence in Paragraph 123.  Defendants admit the second sentence in Paragraph 123 and admit that Mr. Abdelwahab will be unable to vote.

124.  Defendants deny the allegations in Paragraph 124.

125.  Defendants object to the allegations contained in Paragraph 125, as they are confusing and fail to contain an short and plain statement of any fact in support of any claim, in violation of Rule 8, Federal Rules of Civil Procedure and therefore no response is required.  To the extent an Answer is required, the allegations are denied.

126.  Defendants deny the allegations in Paragraph 126.

127.  Defendants incorporate by reference their Answers

set forth above in Paragraphs 1-126.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants incorporate by reference their Answers set forth above in Paragraphs 1-129 as fully set forth above.

131. Defendants deny the allegations in Paragraph 129.

132. Defendants deny the allegation in Paragraph 120.

133. Defendants incorporate by reference their Answers set forth above in Paragraphs 1-132 as fully set forth above.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

## PRAYER FOR RELIEF

The remainder of the compliant contains Plaintiffs "Prayer for Relief" as numbered a. through i. and is Plaintiffs' characterization of the relief that they request to which no answer is required, but insofar as an Answer is deemed necessary, Defendants specifically deny that Plaintiffs

are entitled to the relief they request.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of their complaint, for an order awarding Defendants their costs and disbursements, and all other relief to which Defendants may be entitled.

Dated: October 16, 2006          RACHEL K. PAULOSE
                                 United States Attorney

                                 s/Robyn A. Millenacker
                                 BY: ROBYN A. MILLENACKER
                                 Assistant U.S. Attorney
                                 Attorney I.D. No. 0214735
                                 600 United States Courthouse
                                 300 South Fourth Street
                                 Minneapolis, MN 55415
                                 (612)664-5600

                                 Attorneys for Federal
                                     Defendants.

19